UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 13 CR 50071 |
| | ) | Judge Iain D. Johnston |
| Jarimne Freeman, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Jarimne Freeman has filed a motion under the First Step Act seeking a compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on his risk of complications from COVID-19 because of prediabetes. For the reasons that follow, Mr. Freeman's motion [62] is denied.

## BACKGROUND

Mr. Freeman pleaded guilty to one count of possession with intent to distribute approximately 22 grams of heroin and 382 grams of marijuana, *see* 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking offense, *see* 18 U.S.C. § 924(c)(1)(A). U.S. District Judge Kapala, who has since taken inactive senior status, sentenced Mr. Freeman to a total of 124 months incarceration. Dkt. 57. That sentenced consisted of 64 months on Count I, which was within his Guidelines range of 57 to 71 months for that count, plus the mandatory minimum 60 months on Count II, which by statute must be served consecutively. *Id.* Mr. Freeman did not appeal. Mr. Freeman has served approximately 88 months, and his projected release date is October 7, 2022. Dkt. 67 at 3.

Mr. Freeman now seeks relief under the First Step Act. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Upon receipt of his initial *pro se* motion, the Court assigned the federal defender to assist Mr. Freeman, and the federal defender filed a supplement to the *pro se* motion. As always, the Court thanks the federal defender for the assistance with this case. In his filings, Mr. Freeman argues that the Court should reduce his sentence, presumably to time served, because his prediabetes puts him at an increased risk of severe illness from COVID-19.

## ANALYSIS

Under the First Step Act, a court may reduce a defendant's sentence based on a motion by either the director of the Bureau of Prisons or by the defendant himself. 18 U.S.C. § 3582(c)(1)(A). A reduction under § 3582(c)(1)(A)(i) may be based only on "extraordinary and compelling reasons," and must take into account the sentencing factors set out at 18 U.S.C. § 3553(a). The defendant bears the burden of establishing that he or she is entitled to compassionate release under the First Step Act. *See United States v. Gold*, 459 F. Supp. 3d

1117, 1119 (N.D. Ill. 2020). Before filing such a motion, a defendant must first ask his warden to seek a reduction on his behalf and either exhaust all administrative remedies if the request is declined, or wait 30 days after making the request, whichever comes first. *See* 28 U.S.C. § 3582(c)(1)(A). It is undisputed that Mr. Freeman exhausted his administrative remedies before filing his motion under the First Step Act. Dkt. 71 at 10.

The Court prefaces its analysis of Mr. Freeman's argument with the recognition that it, as well as the rest of the world, is still learning about the virus and therefore, is making its best judgments bases upon the information that is currently available. Mr. Freeman contends that has "minor health issues," which in his supplemental brief his counsel notes includes prediabetes. Medical records counsel filed from the Bureau of Prisons confirms that he has been identified as having prediabetes. Dkt. 71 at 17, 19, 33, 72, 75, 89, 96, 97. However, it is unclear that prediabetes is a condition that has been recognized as placing persons at a higher risk for severe illness from the virus that causes COVID-19. The petitioner has not pointed the Court to any such authority. Guidelines from the Centers for Disease Control advise that "[h]aving type 2 diabetes increases your risk of severe illness from COVID-19," and that "having type 1 or gestational diabetes *might* increase your risk," but the CDC does not include prediabetes in its advisory. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (emphasis added) (last visited 3/5/2021). The Court acknowledges that Mr. Freeman's medical records reveal that is A1C has been reported to be 6.2, above the 5.7 level that indicates prediabetes, and close to the 6.4 level above which indicates diabetes. Dkt. 71 at 117. But the fact remains that Mr. Freeman has been treated for prediabetes, not diabetes, and the CDC does not include prediabetes among the conditions believed to create an increased risk of severe illness from COVID-19. He has not specified what other "minor health issues" he suffers, and so the Court has no reason to conclude that any of his issues, or combination of issues, leaves him at an increased risk of complications due to COVID-19 or otherwise presents an extraordinary and compelling reason to reduce his sentence. For this reason, his petition is denied.

Even if his prediabetes and other minor health issues did present an extraordinary and compelling reason to consider Mr. Freeman for a sentence reduction, the Court would not be inclined to grant one. Mr. Freeman's supplemental brief notes that at the time of its filing in January 2021, USP Yazoo City reported 117 positive inmate cases. Today it reports just 12 inmates cases plus 7 cases among staff. https://www.bop.gov/coronavirus/ (last visited 3/5/2021). In addition, the Bureau of Prisons has begun administering COVID-19 vaccinations, with 262 staff members and 113 inmates reported to be fully vaccinated at the Yazoo facility. *Id.* The drop in cases suggests that efforts to contain the spread of the virus have been effective.

The Court commends Mr. Freeman on his efforts to rehabilitate himself. He admits that he started his term of incarceration "on the wrong track" as evidenced by his early disciplinary history. But his recent history free of disciplinary infractions demonstrates that he has learned from his mistakes and is making efforts to prepare himself for reentry into society. He has also completed his GED and other courses, repaid his financial obligations, and reports he has already lined up employment prospects for after his release. The Court hopes Mr. Freeman continues down this path, as his achievements will serve him well in his post-incarceration future. However, the Court would need to balance his favorable history while incarcerated against the

other relevant sentencing factors set out in 18 U.S.C. § 3553(a), including the seriousness of his offense, and the need to deter Mr. Freeman and other from engaging in similar conduct. Mr. Freeman's offense was very serious: he admits he intended to distribute drugs including heroin, possessed a firearm in furtherance of those efforts, and attempted to flee when caught, including crashing his car into an undercover police vehicle. Plea [Dkt. 40] at 3-4. On balance, the Court's review of the § 3553(a) sentencing factors as well as Mr. Freeman conduct and history both before and during his incarceration would not favor a reduction to his sentence.

## CONCLUSION

Because Mr. Freeman has not established an extraordinary and compelling reason to grant him relief, and because even if he had balancing the § 3553(a) factors would not favor his immediate release, Mr. Freeman's motion [62] for a sentence reduction under the First Step Act is denied.

Date: March 5, 2021          By: _____
                                  Iain D. Johnston
                                  United States District Judge